### THE EDISON ELECTRIC ILLUMINATING COMPANY and GEORGE BERDINE

#### *v.*

### MARGARETTA C. DE MOTT.

1. Partnership debts are regarded and treated in equity as both joint and several.

2. A debtor may pay his debt, but he cannot purchase it, so as to preserve it as a living *chose in action* against himself.

3. Where one of two partners pays a debt of the firm, with his own money, the effect of the payment is to extinguish the debt as a liability of the firm, so far as the creditors of the firm are concerned. The partner making the payment may ask for contribution from his copartner or credit against him, but

he is not entitled to participate with the creditors of the firm in the distribution of its assets.

4. Neither by making advances to his firm nor by any other course of dealing, can a partner entitle himself to a lien on the partnership assets, or on the shares of his copartners therein, except in subordination to the rights of the partnership creditors.

On hearing on petitions, orders to show cause and facts established by agreement.

*Mr. George Berdine* and *Mr. John S. Voorhees*, for the petitioners.

*Mr. George C. Ludlow*, for the respondent.

VAN FLEET, V. C.

The facts material to the decision of this case are free from dispute. They are established by the agreement of the parties.

A copartnership, which was composed of John S. Clark and George Berdine, and which did business under the name of Clark & Berdine, is in course of liquidation by a receiver appointed by this court, on the 1st day of September, 1891, under a bill filed by Berdine against Clark, on the 23d day of July, 1891. The administration of the partnership estate has reached a stage where an order has been made directing the receiver to pay a dividend of fifty per cent. on such of the claims of the partnership creditors as have proved their debts before him. The respondent, Margaretta C. De Mott, claims to be a creditor of the firm, and has proved a claim, as such creditor, for over $5,000. The petitioners deny that she is a creditor of the firm, as to the particular debt in question, and dispute her right to a dividend. The point in contest is whether or not she is a creditor of the firm.

The respondent's claim has this foundation: On the 4th day of September, 1891, a national bank, located at New Brunswick, N. J., held three promissory notes, each payable four months after date, made by Clark & Berdine on the dates and for the sums following: The first, April 13th, 1891, for $1,000; the

second, May 16th, 1891, for $3,000, and the third, June 30th, 1891, for $1,000. On that day, September 4th, 1891, John S. Clark, one of the members of the firm, in the words of the state of the case agreed upon, " with money which Mrs. De Mott then loaned and advanced to him, purchased of the bank, for himself, the three notes, he paying to the bank the whole amount due on them, and the bank delivered to him the three notes, and he thereupon took and held them as his own individual property." Mr. Clark continued to hold the notes until the 18th day of April, 1892, when he sold and assigned them to the respondent. Her purchase was made in good faith, for full value, and in the belief that the title she would get would be perfect, though she knew that a receiver had been appointed. When Mr. Clark obtained the notes, it will be observed, a receiver had been appointed and one of the notes was overdue, but the other two had some time yet to run. All three were, however, past due when they were sold to the respondent.

The question which the facts just stated raised is, Was Mr. Clark's transaction with the bank, so far as it affected the rights of the creditors of the partnership, a purchase or a payment? No matter what his intentions were—nay, in spite of them—was not the transaction in its legal essence, so far as the rights of the creditors of the partnership were concerned, a payment and not a purchase? The facts admitted sweep away every atom of ground, as I think, on which a claim could be based that Mr. Clark, in the transaction, acted as the agent for trustee of the respondent. The money he used was his. True, the respondent had loaned it to him, but she did so on his credit, voluntarily and understandingly, without fraud or artifice of any kind, so that the title he acquired to the money by the loan was as perfect as it could be. The state of the case declares that he purchased the notes for himself, and held them as his own individual property. And when the respondent came to deal with him, in respect to them, she made no claim or pretence that they were her property, but by her purchase and the payment of full value, admitted, in the strongest possible manner, that they were his. So that the case, as it now stands, is entirely destitute of the

least ground on which relief can be extended to the respondent, either as *cestui que trust* or by investing her, by subrogation, with the rights of the creditor whose debt was paid with the money which she had loaned.

The debt which the bank held, and which the state of the case says Mr. Clark purchased, was a debt for which he was both jointly ·and severally liable. Partnership debts are regarded and treated in equity as both joint and several. *Story on Part.* § *362; Story Eq. Jur.* § *676; Wisham* v. *Lippincott, 1 Stock. 353; Greene* v. *Butterworth, 18 Stew. Eq. 738, 739.* If the debt in question had been the several individual debt of Mr. Clark, for which no other person was in any way liable, it would be a plain abuse of language to say that Mr. Clark, in giving his creditor the money for it, purchased it. A debtor may pay his debt but he cannot purchase it, so as to preserve it as a living *chose in action* against himself. He cannot be both the creditor of himself and a debtor to himself. For a man to stand in such a relation to himself, in individual right and duty, it would be necessary that the law should, for such a purpose, make two men out of one—to transform a single individual unit into two separate, independent and complete beings. Such a transformation is just as impossible in law as it is in physics.

Though the debt in question was not the individual debt of Mr. Clark, for which he alone was liable, yet I think it is plain, according to well-settled principle, that what he did in respect to this debt operated to discharge it, absolutely, as against the creditors of the partnership. When he gave the bank the money for the notes he stood liable for every dollar of the indebtedness of the firm—he occupied a position where he was subject to have his individual property appropriated, by legal process, against his will, to the payment of the debts of the partnership; hence, though he acted voluntarily in taking up the notes, and used his own money for the purpose, his payment was a payment for the firm, and its effect, in law, was to extinguish, completely and forever, that particular debt as a liability· of the firm, so far, at least, as the rights of creditors were concerned. The fact that his copartner was jointly liable with him did not and could not have

the effect to keep the debt alive, as a subsisting liability of the·
firm, for the only right that can arise in such a case from the·
payment of a joint liability by one of the two persons subject to
it is a right to contribution. Where one of two partners pays·
a debt of the firm with his own money, the effect of the pay-
ment is, as a matter of law, to extinguish the debt as a lia-
bility of the firm, and to invest the partner making the payment
with a right to contribution from his copartner, or to credit for
the amount paid on an adjustment of the partnership affairs.
That is the utmost extent of the right which Mr. Clark acquired
in this case. If the partnership assets should prove to be insuf-
ficient to pay the partnership debts, and Mr. Clark, when the·
final distribution is made, was still the holder of the notes, it
would seem to be quite absurd to contend that, in that condition·
of affairs, he was entitled to be recognized and treated as a cred-
itor of the firm. To elevate him to that position it would be
necessary to declare that he could be the creditor of himself in
respect to a debt which he had paid, and that, too, even as
against creditors who have an unquestionable right, not only to·
have the partnership assets applied exclusively to the payment
of their debts, but also to have recourse, in case the partnership·
assets are not sufficient to pay their debts in full, to the separate
individual property of the copartners. Mr. Clark, by taking·
up the notes with his own money, did not become a creditor of
the partnership; he simply paid a debt for which he was sever-
ally liable, and also jointly liable with his copartner; such pay-
ment gave him no right to participate, as a creditor, in the·
distribution of the assets of the partnership, but merely a right
to contribution from his copartner, or a just credit on an adjust-
ment of the partnership affairs. The principle which controls·
in such cases is laid down in a standard commentary on the law
as administered by courts of equity as follows:

"The creditors [of a partnership] are entitled to assume that a partner,·
dealing with the firm, has dealt with it in his character as a member, so that·
his advance shall be treated as an increase of the partnership fund, and not as
an independent debt. The consequence of this doctrine is, that no partner can,
either by making advances to the firm, or by any other course of dealing, en--

title himself to a lien on the partnership assets, or on the shares of his copartners therein, except in subordination to the partnership creditors." *Adams Eq. 244, 488, top.*

Whatever rights the respondent has she derived from Mr. Clark. She stands in his place and has his rights and nothing more. If he was not a creditor of the partnership she is not. He could not have taken a dividend, nor can she. Whether she will be entitled to stand in Mr. Clark's place, in case it shall be found that a balance is due him from his copartner on an adjustment of the partnership affairs, is a question that is not now before the court, and cannot, therefore, be considered.